### UNITED STATES v. MURRAY et al.

(District Court, E. D. New York. January 17, 1921.)

Criminal law ⊂⊃242(11)—Clerk directed to file record of commissioner to enable defendants to seek review of order of removal.

Defendants, who have been ordered removed to another district for trial on an indictment there pending against them, and who are seeking a review of that order, are entitled to have the record of the proceedings before the commissioner, on which the order of removal was entered, filed by the clerk of the District Court, so that he can properly certify it, if the court's opinion that the order is not reviewable is decided to be erroneous by the Circuit Court of Appeals.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John Murray and others were indicted in the United States District Court for the Eastern District of North Carolina for conspiring to commit an offense against the government. On motion by defendants, after the order for their removal to the district in which they were indicted had been entered, to compel the clerk of the court, to file the record of the proceedings before the commissioner, so as to enable the defendants to procure a review of the order of removal. Clerk directed to file the record.

John T. Eno, Asst. U. S. Atty., of Brooklyn, N. Y.
Robert R. Moore, of New York City, for defendants.

GARVIN, District Judge. The defendants were indicted by a grand jury in the United States District Court for the Eastern District of North Carolina for conspiring to commit an offense against the government, to wit, breaking into a post office and stealing and carrying away large quantities of government property. They were later held under a commissioner's warrant in this district, and a hearing was had before the commissioner for the purpose of determining whether they should be removed to the Eastern District of North Carolina to be tried under the indictment. The commissioner held them for removal as a result of the hearing, and an application was made to me for an order of removal. Upon this application a hearing was held before me, further testimony was taken by the commissioner at my direction, the matter then argued at length, and after a careful examination of the record and of the authorities submitted I concluded that the application was proper and made an order of removal accordingly.

Upon the argument, the defendants urgently requested that they be given an opportunity to review my action in the event that an order of removal should be made. Although I had grave doubt whether such an order could be reviewed, I concluded to and did allow an appeal from the order at defendants' request, so that the matter might be determined by the Circuit Court of Appeals. At the same time I granted a stay of execution of the order, so that by no possibility could the defendants be prejudiced, if the Circuit Court of Appeals should determine that the order was reviewable and that it should not have been made. The stay, conditioned upon prompt action by the defendants to seek a review of the order, was granted September 19, 1920. Thereafter the defendants printed the record of the proceedings before the commissioner, but could not bring on for argument the application to review the order, because they could not obtain a certification of the record from the clerk of this court, who refused to receive and file the same, claiming that there was no authority for filing such a record in the clerk's office. Finally the United States attorney moved before me to have the stay of execution of the order of removal vacated. When this motion came on for argument, the defendants protested, and urged their earnest desire to present the removal order to the Circuit Court of Appeals for review. I directed them to take steps without delay to obtain a judicial determination of the defendants' rights and adjourned the motion of the government. The defendants have now

moved to compel the clerk of this court to file the record, and have transmitted the said record to me.

I am still of the opinion that the order of removal is not appealable, but, if I am wrong, the defendants should have an opportunity to review my action. There is precedent for reviewing an act of an officer of this court performed while he is sitting as a magistrate (Veeder v. United States, 252 Fed. 414, 164 C. C. A. 338), and this can only be accomplished, I take it, by first filing the record with the clerk of the court, who can then properly certify the same. No formal orders need be entered. I have made appropriate indorsements on the respective motion papers, directing the clerk to file the record, and denying the motion to vacate the stay, with leave to renew, unless the defendants proceed with reasonable expedition.